IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PENNY JO QUINNELL,

                                                                                       OPINION and ORDER

                     Plaintiff,

                                                                                     14-cv-601-bbc

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Penny Jo Quinnell filed this suit in 2014, seeking review of a decision denying her claim for disability insurance benefits under the Social Security Act. I granted plaintiff's motion for summary judgment, reversing the decision of the Commissioner and remanding the case for further proceedings. Dkt. #19. Pursuant to the Equal Access to Justice Act, plaintiff's attorney, Dana Duncan, was granted $8,250.00 in attorney fees. On remand, an administrative law judge concluded that plaintiff was disabled and entitled to past-due benefits of $57,620.00. Plaintiff's notice of award was issued on July 12, 2016.

      On October 31, 2016, the Commissioner wrote Duncan, inquiring whether counsel would be seeking a fee. Dkt. #29-2. On March 13, 2017, the Commissioner sent Duncan a letter advising him that the withheld past-due benefits would be released unless he filed a fee petition within 20 days of the date of the letter. Dkt. #31-2. Duncan did not submit a fee petition, however, and on June 2, 2017, the Commissioner released the withheld past-due benefits to plaintiff. Dkt. #31-3.

1

Then, on June 15, 2017, Duncan filed the present motion for an award of attorney fees under 42 U.S.C. § 406(b). Dkt. #29. He seeks $14,405.00 in fees, which is 25 percent of plaintiff's past-due benefits award of $57,620.00. Because he has received $8,250.00 already, Duncan seeks an order awarding him $6,155.00 to be paid from fees withheld from plaintiff's past-due benefits. In response, the Commissioner argues that Duncan's request is untimely, as the previously withheld fees have been released to plaintiff. Duncan did not file a reply brief addressing the Commissioner's arguments or the timeliness issues, and his time to do so has long passed.

Section 406(b) does not contain a time limitation for filing a motion for attorney fees. However, the Court of Appeals for the Seventh Circuit Court has held that "a petition for fees under § 406(b)(1) must be brought within a reasonable time." Smith v. Bowen, 815 F.2d 1152, 1156 (7th Cir. 1987). The court did not explain what constitutes a "reasonable time," but other courts have concluded that a fee request may be untimely if filed long after the Commissioner issues a benefits award and if the claimant is prejudiced by the delay. See, e.g., Logan v. Berryhill, No. 10 C 5051, 2017 WL 1344521, at *4 (N.D. Ill. Apr. 12, 2017) (fee request filed two years after benefits award was untimely); Hilbert v. Colvin, No. 413CV00089TABTWP, 2016 WL 6071762, at *1 (S.D. Ind. Oct. 17, 2016) (fee request filed one year after benefits award was untimely); Garland v. Astrue, 492 F. Supp. 2d 216, 221 (E.D.N.Y. 2007) (fee request filed nine months after benefits award was untimely).

In the instant case, I conclude that counsel's request is untimely. Duncan has provided no explanation for his delay in submitting his fee request and I can discern none.

2

The fee request is not complex. Duncan's motion is primarily boilerplate in nature, with large excerpts of the administrative law judge's decision cut and pasted into the request. The number of hours expended in the federal court litigation was calculated already as part of Duncan's earlier Equal Access to Justice Act application. Duncan does not indicate that he did not receive notice of the award in a timely manner or that he did not receive the notices from the Commissioner regarding the release of the withheld past-due benefits.

Further, counsel's delay in submitting a fee request has prejudiced plaintiff. Because the Commission withheld 25 percent of plaintiff's benefits pending the disposition of any attorney's fee application, the delay by Duncan in seeking an award of fees delayed plaintiff's receipt of the full award of past-due benefits to which she was entitled. Specifically, plaintiff was denied access to the $8,250.00 that had been awarded previously to Duncan as an Equal Access to Justice Act award. Moreover, now that the entire past-due benefits have been released to her, any award to Duncan would have to be paid by plaintiff, not the Commissioner. Duncan gives no indication that plaintiff would have ability to pay him the fee at this point and, in light of his unexplained delay, I will not require plaintiff to do so.

For all of these reasons, I am denying Dana Duncan's fee request under 42 U.S.C. § 406(b) fee request in its entirety.

ORDER

IT IS ORDERED that Dana Duncan's motion for attorney fees, dkt. #29, is DENIED.

Entered this 29th day of March, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge